Plaintiffs’ Exceptions Nos. 15, 16, and 26[1] assert claims for lands taken for the contraction and maintenance of dams at Leech Lake and Lake Winnibigoshish (Nos. 15 and 16) and at Pokegama Falls on the upper Mississippi (No. 26). Defendant moves to dismiss these exceptions on the ground of accord and satisfaction. Plaintiffs in turn deny accord and satisfaction and oppose the motion.
The facts, briefly, are these: In the late 1870’s and early 1880’s, plans were made for and construction began on dams on Chippewa land around the headwaters of the Mississippi. By Act of March 3, 1881, ch. 136, 21 Stat. 468, 481, the Secretary of the Interior was authorized to set compensation for the Indians whose land, property, and livelihood were taken by the building of the dams. In 1881, the Secretary appointed a commission to fix an amount of damages, which they did, at $15,466.90, and which was rejected by the Chippewas as inadequate. A second commission was appointed (the 1882 commission) — the year construction of the dams began — and in 1883 it recommended an award of $10,038.18 for property damage and $26,800 in annual damages for loss of property and therefore of livelihood. The Secretary approved this recommendation but it was not formally approved by the Indians, nor were appropriations enacted by Congress, despite urging by the Secretary, in 1884,1885, or 1886.
Instead, in 1886 Congresss created the Northwest Indian Commission to settle claims such as the one involved here. Late in 1886, this new commission reached an agreement with the Chippewas which included "the sum of $150,000, in full satisfaction for losses and damages sustained by them in the construction of dams and reservoirs at the headwaters of the Mississippi River.” Again, however, Congress did nothing, neither rejecting the agreement nor appropriating funds. As a consequence, this court referred to the 1886 agreement as "inchoate.” Chippewa Indians of Minnesota v. United States, 80 Ct. Cl. 410, 416 (1935), aff’d, 301 U.S. 358 (1937).
*680 Construction on the dams was completed in 1887, but it was not until 1890 that Congress disbursed any funds for damages. By Act of August 19, 1890, ch. 807, 26 Stat. 336, 357, Congress awarded $150,000, as "full payment,” "to * * * the Chippewa Indians [for] the amount of the several sums not hitherto paid, awarded them by commission appointed December second, eighteen hundred and eighty-two.” (Emphasis supplied.) The bulk of this money was actually so disbursed.
Defendant contends that the Act of 1890 was in fact the long-awaited ratification on the part of Congress of the inchoate agreement of 1886. Plaintiffs counter by pointing to the fact that the Act of 1890 refers to the 1882 commission rather than to the 1886 Northwest Indian Commission.
As plaintiffs point out, accord and satisfaction is a contract doctrine and so requires an agreement (a meeting of the minds) between the parties. Brock & Blevins Co. v. United States, 170 Ct. Cl. 52, 58-59, 343 F.2d 951, 955 (1965). In contrast, the relevant actions of the parties here spanned 8 years, from the 1882 agreement which was approved neither by the Chippewas nor by Congress, to the 1886 inchoate agreement which was approved by the Indians but not by Congress, to the 1890 appropriation which refers to the 1882 commission. Out of this jumble and lapse of time it is impossible to find any meeting of the minds which would constitute accord and satisfaction.
Specifically, we cannot accept defendant’s statement that the 1882 reference in the Act of 1890 was simply a mistake. Not only are we normally reluctant to attribute to Congress a meaning directly contrary to what was clearly said, but the present text does not at all suggest such a mistake: the 1882 commission was appointed on December 22, 1882, but the important dates of the Northwest Indian Commission were May 15. 1886 (its creation), and August 11. 1886 (the date of the inchoate agreement). The text itself, referring as it does to December 2,1882, suggests rather that the likely drafting mistake was the simple one of omission of the repeated digit in the 1882 date, not a total and unaccountable mistaking of the month, day, and year of the Northwest Indian Commission dates.
*681 The general lack of meeting of minds is also apparent in Congress’ handling of the 1882 agreement. It failed, despite administration requests, to appropriate funds for 3 years running. Not only that, but in 1886, a month and a half after the Commissioner of Indian Affairs made his final plea for an appropriation for the 1882 agreement, Congress appointed yet another commission. This may fairly be read as rejection at that time of the 1882 commission award. Thus, there was never a point, in 1882, 1886, or 1890, at which both parties agreed simultaneously to anything.
it is therefore ordered that defendant’s motion to dismiss Exceptions Nos. 15, 16, and 26 is denied; plaintiffs may pursue their claims, any award being reduced of course by the amount actually paid to plaintiffs under the Act of 1890; and the case is returned to the trial division for further proceedings consistent with this order.

 Exception No. 26 was originally numbered 23, but was changed to 26 by motion of June 8,1981 (allowed June 9,1981).